IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC CLERK CHARLESTON, SC

Geraldine Gamble,                )    C. A. No. 2:04-22163-DCN-RSC
                                 )              2005 MAY 26  P 3: 17
            Plaintiff,           )
                                 )
        -versus-                 )    **REPORT AND RECOMMENDATION**
                                 )
Jo Anne B. Barnhart,             )
Commissioner of Social           )
Security,                        )
                                 )
            Defendant.           )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff brought this action pursuant to Sections 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying supplemental security income benefits under Title XVI of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed application for supplemental security income benefits on November 22, 2002, alleging that she became disabled on May 12, 2005, due to problems with her liver, blood pressure, arthritis, hernia repair, and depression. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing, and the administrative law judge before whom the

1

plaintiff appeared considered the case de novo.  On March 12,
2004, the administrative law judge found that the plaintiff was
not under a disability as defined in the Social Security Act, as
amended.  The administrative law judge's finding became the final
decision of the Commissioner of Social Security when it was
approved by the Appeals Council on August 6, 2004.

In making the determination that the plaintiff is not
entitled to benefits, the Commissioner has adopted the following
findings of the administrative law judge:

> 1.    The claimant has not engaged in substantial
> gainful activity since the date she filed the
> pending application.
>
> 2.    The claimant's right-sided weakness/numbness,
> degenerative disc disease, obesity, status-post-
> ventral incisional hernia, and recurrent hepatic
> cysts are considered "severe" based on the
> requirements in the Regulations 20 CFR §
> 416.920(b).
>
> 3.    These medically determinable impairments do
> not meet or medically equal one of the listed
> impairments in Appendix 1, Subpart P, Regulation
> No. 4.
>
> 4.    The undersigned finds the claimant's
> allegations regarding her limitations are not
> totally credible for the reasons set forth in the
> body of the decision.
>
> 5.    The claimant has the residual functional
> capacity to perform a full range of light work in
> that she is able to occasionally lift twenty
> pounds and frequently lift ten pounds.  She is
> able to stand six hours in an eight-hour workday
> and to walk six hours in an eight-hour workday.
> She is able to sit for two hours in an eight-hour
> workday.

2

6.    The claimant's past relevant work as sewing machine operator did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 416.965).

7.    The claimant's medically determinable right-sided weakness/numbness, obesity, status-post-ventral incisional hernia, and recurrent hepatic cysts do not prevent the claimant from performing her past relevant work.

8.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 416.920(e)).

(Tr. 24).

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that supplemental security income (SSI) disability benefits shall be available for aged, blind, and disabled persons who have income and resources below a specific amount.   42 U.S.C. § 1381 et. seq.; 20 C.F.R. § 416.110.

The standard for determining eligibility for SSI disability benefits consists of a two-fold test.   The claimant must show a medically determinable physical or mental impairment, and the impairment must be such as to render the claimant unable to engage in substantial gainful employment.   Walker v. Harris, 642 F.2d 712 (4th Cir. 1981) (citing Blalock v. Richardson, 438 F.2d 773 (4th Cir. 1972)); 42 U.S.C. § 423(d); 20 C.F.R. § 404.1501(b).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the

3

findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (*quoting* Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). However, if there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

4

## ARGUMENT

By brief, the plaintiff argued that the administrative law judge committed reversible error by failing to apply the lists of impairments, by failing to properly apply SSR 02-01p in evaluating the severity of the plaintiff's obesity, by failing to properly evaluate the disabling effects of the plaintiff's pain, and by failing to obtain vocational expert testimony.

## DISCUSSION

A review of the record and relevant case law reveals the administrative law judge's decision is supported by substantial evidence and should be upheld.

### EVALUATING THE SEVERITY OF THE PLAINTIFF'S OBESITY

The plaintiff first argues that the administrative law judge failed to properly evaluate her obesity and its effect on her ability to perform work.  Specifically she argues that she equals Listing 1.02(A) and (B).

SSR 02-01p indicates that,

> We may also find that obesity, by itself, is medically equivalent to a listed impairment... . For example, if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b or 101.00B2b of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence. ...
>
> We will also find equivalence if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is

> equivalent in severity to a listed impairment. ...
> However, we will not make assumptions about the
> severity or functional effects of obesity combined
> with other impairments. Obesity in combination
> with another impairment may or may not increase
> the severity or functional limitations of the
> other impairment. We will evaluate each case based
> on the information in the case record.

Here, the plaintiff believes her obesity prevents her from returning to her past relevant work.  While the administrative law judge found the plaintiff's obesity to be a "severe" impairment (Tr. 22), the administrative law judge also found that despite her severe impairment she could still work at the light exertional level(Tr. 23).  That is consistent with the fact that no doctor diagnosed that the plaintiff as morbidly obese, nor did any doctor claim that the plaintiff suffered any limitations due to her obesity.  Further, the plaintiff who bears the burden of proof at this stage has presented nothing to support her claim that she meets the listing of impairments.  The plaintiff's obesity was fully accommodated by limiting her to light work.

### PAIN EVALUATION

The plaintiff argued that the administrative law judge erred in finding she could perform her past relevant work as a sewing machine operator because of pain.  In evaluating a claim of pain, the administrative law judge should determine whether the claimant has produced evidence of a condition that could be expected to produce the pain alleged.  See, Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996).  Once medical evidence is

6

produced supporting the existence of a condition that could reasonably produce pain, the administrative law judge must assess the effect of pain on the claimant's residual functional capacity. See, Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements.  They include:

> 1.  The individual's daily activities;
>
> 2.  The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3.  Factors that precipitate and aggravate the symptoms;
>
> 4.  The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5.  Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6.  Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7.  Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

7

An administrative law judge's assessment of a claimant's credibility regarding the severity of pain is entitled to great weight when it is supported by the record.  See also, Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).

Here, the administrative law judge properly considered and discounted the plaintiff's subjective claims of pain.  Both medical and non-medical evidence indicate that plaintiff's pain alone would not prevent her from doing any work.  (Tr. 24). Specifically, the only physician to comment on functional capacity found the plaintiff could perform work, such as sewing machine operator, which does not require heavy lifting.  (Tr. 107).

Also the plaintiff indicated that she had aching weakness in her right side for some years before her application for benefits without her ability to work being significantly impaired.  The plaintiff also testified that she attended church and drove occasionally.  (Tr. 320).  Furthermore, the plaintiff claimed that at different times both her 13 year old daughter and some five grandchildren resided with her.  (Tr. 21, 259).  Such evidence is inconsistent with the plaintiff's claims of disabling pain, and when combined with the medical evidence, it is substantial evidence to support the administrative law judge's finding that the plaintiff is not disabled by pain.  See, Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994)(finding that

inconsistencies supported a finding that Plaintiff's testimony was not credible).

In summary, the administrative law judge had substantial evidence upon which to base his finding that the plaintiff retained the functional capacity to perform her past relevant work as a sewing machine operator.

### MEDICAL-VOCATIONAL GUIDELINES

The plaintiff also argues that the administrative law judge committed reversible error when he turned to the Medical-Vocational listings of the regulations (the grids). 20 CFR § 416.969. However, the administrative law judge found that the plaintiff could return to her past relevant work so that the Step 4 and Step 5 determinations are surplusage.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 26, 2005

9